*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re BANKS, Minors.

UNPUBLISHED
August 22, 2019

No. 347482
Macomb Circuit Court
Family Division
LC Nos. 2017-000186-NA;
           2017-000187-NA;
           2017-000188-NA

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Respondent mother appeals as of right the orders terminating her parental rights to her children, DB, PB, and JB, under MCL 712A.19b(3)(c)(*i*) (more than 182 days have passed since original disposition, the conditions that led to the adjudication continue to exist, and parent unable to rectify conditions), (g) (parent, although financially able to do so, failed to provide proper care and custody and no reasonable expectation parent will be able to provide proper care and custody within a reasonable time), and (j) (reasonable likelihood child will be harmed if returned to parent).[1] We affirm.

DB, PB, and JB first came into care because of allegations that respondent mother lacked appropriate housing, physically abused the children, and neglected their medical needs. The trial court later adopted a parent-agency agreement for respondent mother, but respondent mother failed to complete the vast majority of the agreement's requirements. Petitioner filed a supplemental petition for termination of respondent mother's parental rights because of respondent mother's lack of progress. After an evidentiary hearing and a best interest hearing, the court terminated respondent mother's parental rights. This appeal follows.

Respondent mother argues that she only had three months to complete her parent-agency agreement, which was an insufficient amount of time. We disagree.

---

[1] The rights of respondent father were also terminated by the court, but he has not appealed.

This Court reviews the lower court's findings for clear error. MCR 3.977(K). "The clear error standard controls our review of both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009) (quotation marks and citation omitted). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted). For this Court to find clear error, it must be "more than just maybe or probably wrong." *Id.* Regard must "be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). The lower court needs "clear and convincing evidence of only one statutory ground to support its termination order," and it is harmless error if the court erroneously terminates under an additional statutory ground. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

The trial court determined that petitioner established the statutory grounds for termination found in MCL 712A.19b(3)(c)(*i*), (g), and (j) by clear and convincing evidence. "In order to comply with the guarantees of substantive due process, the state must prove parental unfitness by 'at least clear and convincing evidence' before terminating a respondent's parental rights." *In re B & J*, 279 Mich App 12, 23; 756 NW2d 234 (2008). "[T]he liberty interest of the parent no longer includes the right to custody and control of the children" after the court determines that at least one statutory ground for termination was established by clear and convincing evidence. *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000), superseded in part by statute.

MCL 712A.19b(3)(c)(*i*), (g), and (j) provide that a court shall terminate parental rights if:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

* * *

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

On appeal, respondent mother does not argue that petitioner failed to establish the statutory grounds for termination, but instead argues that respondent mother was not given enough time to complete her parent-agency agreement. Respondent mother's argument is premised on the notion that she only had three months to complete her parent-agency agreement.

Petitioner typically "must make reasonable efforts to rectify conditions and reunify families." *In re TK*, 306 Mich App 698, 711; 859 NW2d 208 (2014). Furthermore, "[w]hile [petitioner] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

In this case, the trial court adopted petitioner's parent-agency agreement on August 22, 2017. Petitioner did not file the termination petition that led to the termination of respondent mother's parental rights until October 11, 2018. This means respondent mother had over a year to complete her parent-agency agreement. However, respondent mother failed to comply with the recommendations of her psychological evaluation, undergo a substance abuse assessment, and obtain suitable housing, all of which were required by the agreement. Respondent mother's argument, that she had only three months to complete the agreement because that was the amount of time between when petitioner filed its first petition to terminate, which it later withdrew, and its second petition to terminate, is unpersuasive and unsupported by caselaw. Therefore, the trial court did not prematurely find statutory grounds for termination because respondent mother had over a year to complete her parent-agency agreement, yet she failed to do so.

Next, respondent mother argues that petitioner failed to establish that termination of her parental rights is in the best interests of the children. We disagree.

As previously stated, this Court reviews the lower court's findings for clear error. MCR 3.977(K). "The clear error standard controls our review of both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Williams*, 286 Mich App at 271 (quotation marks and citation omitted). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). For this Court to find clear error, it must be "more than just maybe or probably wrong." *Id*. Regard must "be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App at 33. The lower court must determine whether termination of parental rights is in a child's best interest using the preponderance of the evidence standard. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

MCL 712A.19b(5) states that "[i]f the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests," the court must terminate the parent's rights. "The trial court should weigh all the evidence available to determine the [child's] best interest[]." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The focus must be on the child, rather than the parent. *In re Moss*, 301 Mich App at 87. In making the best interest determination, "the court may consider the child's bond to the parent,

the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

The trial court found that respondent mother's lack of appropriate housing, her failure to comply with her parent-agency agreement, the children's lack of bond with respondent mother, and the possibility of adoption all weighed in favor of termination, as did respondent mother's failure to appear at the best interest hearing. The testimony at the best-interest hearing supported the court's findings.

Madison Buford, a foster care supervisor, testified that termination is in the best interests of the children "[d]ue to the lack of progress from the parents" in regard to the parent agency treatment agreements, for example, respondent mother failed to follow the recommendations of her psychological evaluation or attend a single scheduled drug screen. Buford believed that respondent mother loved the children, but did not think there was a strong bond between respondent mother and the children. This was, in part, because respondent mother missed six out of nine visitations that were scheduled after the evidentiary hearing. Buford believed the children should be placed for adoption and indicated that adoption became more difficult when children got older. Therefore, contrary to respondent mother's argument on appeal, petitioner established by a preponderance of the evidence that termination of respondent mother's parental rights was in the best interests of the children.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron

-4-